## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

GROVER MISKOVSKY,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Petitioner　　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　　　　　Case No. CIV-05-1436-HE
　　　　　　　　　　　　　　　　)
ERIC FRANKLIN, Warden,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Respondent　　　　　　)

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus.  Pursuant to an order entered by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  The Respondent has filed a response, arguing that the petition should be dismissed as untimely.  Petitioner has filed a reply, arguing that the petition is timely.  For the reasons stated herein, the undersigned recommends that the response be construed as a motion to dismiss and that it be denied.[1]

Although Petitioner is not challenging his convictions, Respondent notes that he is currently in the custody of the Oklahoma Department of Corrections (DOC), serving his sentences from the District Court of Oklahoma County, Case No. CF-1999-1787, for racketeering, indecent exposure, and attempted perjury by subornation.  Response, p. 1.  In this action, Petitioner claims that he was denied his constitutional right to due

---

[1]By an order dated December 15, 2005, Respondent was directed to file an answer addressing certain issues, including each of the grounds for relief raised by Petitioner.  Additionally, Respondent was advised that in lieu of filing an answer, he could file a motion to dismiss, if appropriate.  As noted, instead of filing a motion to dismiss, Respondent chose to file a "Response" but he did not address the merits of the petition.

process in connection with a prison disciplinary proceeding instituted during his confinement at the Lexington Assessment and Reception Center (LARC), which resulted in a loss of earned credits.

## I.  BACKGROUND

Petitioner was charged with a single count of possession/manufacture of contraband, a class X violation, which allegedly occurred on August 27, 2004.  Response, Ex. 2.  On September 14, 2004, a hearing was held and Petitioner was found guilty of the offense.  Response, Ex. 2.  His punishment consisted of thirty days in disciplinary segregation, the loss of 365 earned credits and he was demoted to level one for ninety days.  Response, Ex. 2.  The facility head reviewed the disciplinary conviction and affirmed on September 15, 2004.  Petition, p. 7; Response, Ex. 2.  Petitioner states he then appealed the adverse ruling to the LARC Warden, who affirmed the disciplinary hearing officer on November 4, 2004.  Petition, p. 7.  Petitioner thereafter appealed to the administrative review authority, who affirmed his conviction on December 13, 2004.  Petition, p. 8.[2]  The instant petition was filed on December 12, 2005.  Respondent argues that the petition is untimely because it was not filed within one year of the disciplinary hearing held on September 14, 2004, and that the Court therefore lacks jurisdiction over Petitioner's attempt to obtain relief under 28 U.S.C. § 2241.

---

[2] According to the petition certain documents relevant to his administrative appeals were to be included with the petition for filing.  No such documents have been located by the Court.

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[3] sets forth a one-year period of limitations for habeas petitioners who are in state custody.  The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  Under the AEDPA, "applications for writs of habeas corpus challenging the execution of a state sentence under § 2241 are subject to a one-year period of limitations."  Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003).

## III.  DISCUSSION

In addressing Respondent's arguments, the undersigned first notes that Respondent's jurisdictional argument is not well taken in light of the volume of Tenth

---

[3] Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

Circuit authority that states that the statute of limitations set forth in § 2244(d) is not jurisdictional. See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Garcia v. Shanks, 351 F.3d 468, 473, n.2 (10th Cir. 2003); Hall v. Scott, 292 F.3d 1264, 1267 (10th Cir. 2002); Moore v. Gibson, 250 F.3d 1295, 1299 (10th Cir. 2001); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) ("§ 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling"). Accordingly, the failure to timely exert claims does not deprive the Court of jurisdiction, and Respondent's attorney should be well aware of this by now.

In analyzing whether the statute of limitations has run, the Court must first consider which provision of § 2244(d)(1) applies. Respondent cites §2241(d)(1)(D) and argues the limitation period began to run when the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner, while not specifically citing to any particular provision, argues that the statute of limitations did not began to run until his disciplinary conviction became "final," thereby arguably implicating § 2244(d)(1)(A), which provides that the statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

The undersigned finds that because Petitioner challenges the execution of his sentence under § 2241, the one year limitation period began to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). See Cotner v. Boone, No. 01-7096, 2002 WL 31045393, at *2 (10th Cir., Sept. 13, 2002) (analyzing timeliness of § 2241

4

petition claiming incorrect calculation of credits by applying 28 U.S.C. § 2244(d)(1)(D));
Walker v. State, Nos. 01-6059, 01-6073, 2001 WL 815520, at *2 n. 2 (10th Cir. July 19,
2001);[4] Kimbrell v. Cockrell, 311 F.3d 361, 363-64 (5th Cir. 2002); Wade v. Robinson, 327
F.3d 328, 333 (4th Cir. 2003); Cook v. New York State Div. of Parole, 321 F.3d 274, 280
(2nd Cir. 2003); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).  The provision
in  28  U.S.C.  §  2244(d)(1)(A)  only  applies  to  judgments  of  conviction  and  not  to
administrative rulings.  Kimbrell, id. at 364; Wade, id. at 332-33; Redd v. McGrath, 343
F.3d 1077, 1081 (9th Cir. 2003).  Accordingly, the undersigned finds that the applicable
provision is § 2244(d)(1)(D), the date on which the factual predicate of the claim or
claims could have been discovered through the exercise of due diligence.  However, it
appears to the undersigned that the various courts which have addressed issues similar
to the one now before this Court, differ on how to determine the date on which the
factual predicate of the claim could have been discovered.

Respondent argues, without providing any legal support, that the statute of
limitations period began to run on the date Petitioner was found guilty of the disciplinary
offense, September 14, 2004.  As noted, Petitioner argues that his disciplinary conviction
became "final" on December 13, 2004 and the statute of limitations began to run then,
citing Cook v. New York State Div. of Parole, supra.

---

[4] These and other unpublished decisions cited as persuasive authority pursuant to Tenth Circuit
Rule 36.3.

The undersigned's research has not revealed any Tenth Circuit case specifically addressing the issue now before the Court. However, that research does reveal that Respondent's argument finds some support in the case of <u>Kimbrell v. Cockrell</u>, 311 F.3d 361 (5th Cir. 2002). In <u>Kimbrell</u>, a state prisoner brought a habeas corpus action challenging the revocation of some good time credits in a prison disciplinary proceeding. The district court denied the petition as untimely and petitioner appealed. The Fifth Circuit affirmed, finding that the one year period of limitations commenced on the date of petitioner's disciplinary hearing, as that is the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," under § 2244(d)(1)(D). <u>Kimbrell</u>, 311 F.3d at 363-64.

However, even if the Court accepts the Fifth Circuit's approach, the petition before the Court here would still be timely as the <u>Kimbrell</u> court found that the timely pendency of prison grievance procedures would toll the one year period. <u>Kimbrell</u>, 311 F.3d at 364. Therefore, if the Court accepts <u>Kimbrell</u> as persuasive, the statute of limitations in this case would begin to run on September 14, 2004, the date of the disciplinary hearing, but would have been tolled from that date until December 13, 2004, the date the administrative review authority affirmed the finding of guilty. Accordingly, this petition filed on December 12, 2005 would be timely.

The Second, Fourth and Ninth Circuits agree with the Fifth Circuit that in prison disciplinary proceedings or in parole revocation proceedings the applicable statute of limitations provision is § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence." <u>Wade v. Robinson</u>, 327 F.3d 328 (4th Cir. 2003) (rescission of good time crdits based on parole revocation); <u>Cook v. New York State Div. of Parole</u>, 321 F.3d 274 (2nd Cir. 2003) (parole revocation); <u>Shelby v. Bartlett</u>, 391 F.3d 1061 (9th Cir. 2003) (prison disciplinary proceeding).  However, unlike the Fifth Circuit, these circuits hold that the "factual predicate" of a petitioner's claim could have reasonably been discovered when the administrative decision became final.  <u>Wade</u>, 327 F.3d at 333; <u>Cook</u>, 321 F.3d at 280; <u>Shelby</u>, 391 F.3d at 1066.  Thus, under the views of the Second, Fourth and Ninth Circuits, Petitioner's petition is timely as it was brought within one year after the disciplinary decision became final.

As Petitioner's petition is timely filed, whether the Court accepts the Fifth Circuit's approach or the approach taken by the Second, Fourth and Ninth Circuits, the undersigned need not decide which of the approaches is most appropriate.  Accordingly, the undersigned recommends that the Respondent's response be construed as a motion to dismiss and that it be denied.

## **<u>RECOMMENDATION</u>**

Based on the foregoing, it is recommended that Respondent's response to the petition [Doc. No. 7] be construed as a motion to dismiss and that the motion be denied and that Respondent be directed to respond to the merits of the petition within twenty (20) days of any order adopting this Report and Recommendation. The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court on or before March 20, 2006 in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. They are further advised that failure to file a timely objection to this Report

and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

     **ENTERED this 28th day of February, 2006.**


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE