# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GROVER MISKOVSKY, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-05-1436-HE |
| | ) |
| ERIC FRANKLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

## **ORDER**

Petitioner Grover Miskovsky, a state prisoner appearing pro se, instituted this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. He claims he was denied due process and equal protection in conjunction with a disciplinary proceeding instituted while he was confined at the Lexington Assessment and Reception Center. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Doyle W. Argo, who has issued his Report and Recommendation. He recommends that the respondent's response to the petition, in which he asserts that the petition should be dismissed as untimely,[1] be construed as a motion to dismiss and that it be denied.[2]

The magistrate judge found that the applicable one year limitations period set by the Antiterrorism and Effective Death Penalty Act began to run when "the factual

---

[1] *The magistrate judge noted in his order that, although the respondent argued that the court lacked jurisdiction because the petition was not filed within one year of the disciplinary hearing, the "failure to timely exert claims does not deprive the Court of jurisdiction , and Respondent's attorney should be well aware of this by now." Report and Recommendation, p. 4.*

[2] *By order dated December 15, 2005, the magistrate judge directed the respondent to file an answer addressing certain issues, including the petitioner's grounds for relief or, if appropriate, to file a motion to dismiss in lieu of filing an answer. Instead the respondent filed a response that did not address the merits of the petition. See Respondent's Answer, Doc. #7.*

predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1)(D). While the respondent argued that the factual predicate for the petitioner's claims – his disciplinary conviction – became final September 14, 2004, the day he was found guilty, the magistrate judge concluded that even if that is the date the limitations period commenced, the period was tolled while the petitioner exhausted the administrative appeal process.[3] As the disciplinary decision became final on December 13, 2004, and the petition was filed on December 12, 2005, the magistrate judge found the petitioner's claims were not barred.[4]

The respondent has filed an objection to the Report and Recommendation, contending that the limitations period commenced on the date the warden affirmed the ruling of the disciplinary officer. He argues that because the habeas statutes, unlike the Prison Litigation Reform Act, do not impose an exhaustion requirement, there is no basis for tolling the limitations period. The court disagrees, finding the magistrate judge's analysis to be persuasive.

Accordingly, the court adopts Magistrate Judge Argo's Report and

---

[3]*The magistrate judge noted that while the appellate courts agree that in prison disciplinary proceedings or in parole revocation proceedings the applicable statute of limitations provision is § 2244(d)(1)(D), there is a split as to when the courts conclude that the factual predicate of a petitioner's claim could reasonably have been discovered. The Tenth Circuit apparently has not addressed the issue and it need not be resolved here, because, even if the limitations period commenced when the petitioner was found guilty, the petition was timely due to tolling.*

[4]*The petitioner responded to the Report and Recommendation, stating his concurrence with it. In his response, the petitioner also asked the court to expand the record. The request is denied but may, if appropriate, be resubmitted to the magistrate judge.*

Recommendation, construes the response to the petition [Doc. #7] as a motion to dismiss and **DENIES** the motion. The respondent is directed to respond to the merits of the petition within **twenty (20) days**. The case is referred again to the magistrate judge for further proceedings. 28 U.S.C. § 636(b)(1)(B).

    **IT IS SO ORDERED**.

    Dated this 27th day of March, 2006.

JOE HEATON
UNITED STATES DISTRICT JUDGE