## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GROVER MISKOVSKY,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-05-1436-HE** |
| | ) | |
| **ERIC FRANKLIN, Warden,** | ) | |
| | ) | |
| **Respondent** | ) | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Respondent has filed a second motion to dismiss, arguing the absence of a case or controversy. Petitioner has filed a response to the motion, and thus, the motion is at issue. For the reasons stated herein, the undersigned recommends that the second motion to dismiss be denied.[1]

Petitioner is not challenging his convictions, although he is currently in the custody of the Oklahoma Department of Corrections (DOC), serving his sentences from

---

[1]By an order dated March 27, 2006, Respondent was directed to respond to the petition within twenty days. Rather than filing a response, Respondent filed a second motion to dismiss asserting the absence of a case or controversy. The Petitioner questions whether Respondent's second motion to dismiss is appropriate. Although Respondent questions the existence of a case or controversy, he is in reality attacking the merits of the petition, whether Petitioner had a liberty interest in earned credits. This issue could have been raised in the first motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), and should have been raised therein. See Fed. R. Civ. P. 12(g); see also C. Wright, A. Miller and M. Kane, 5C Federal Practice and Procedure: Civil 3d § 1385 (noting the ban on successive pre-answer motions). Respondent does not argue that Petitioner has received the relief that he requested, thereby rendering the case moot. Rather, he asserts the lack of a liberty interest, which is not a proper jurisdictional challenge. However, the undersigned will address the merits of the motion.

the District Court of Oklahoma County, Case No. CF-1999-1787, for racketeering, indecent exposure, and attempted perjury by subornation. Response, p. 1.[2]  In this action, Petitioner claims that he was denied his constitutional right to due process in connection with a prison disciplinary proceeding instituted during his confinement at the Lexington Assessment and Reception Center (LARC), which resulted in a loss of 365 earned credits.

## I. BACKGROUND

Petitioner was charged with a single count of possession/manufacture of contraband, a class X violation, which allegedly occurred on August 27, 2004. Response, Ex. 2.  On September 14, 2004, a hearing was held and Petitioner was found guilty of the offense.  Response, Ex. 2.  His punishment consisted of thirty days in disciplinary segregation, the loss of 365 earned credits and he was demoted to level one for ninety days.  Response, Ex. 2.  The facility head reviewed the disciplinary conviction and affirmed; Petitioner appealed the adverse ruling to the LARC Warden, who affirmed the disciplinary hearing officer.  Petition, p. 7.  Petitioner thereafter appealed to the administrative review authority, who affirmed his conviction. Petition, p. 8. Respondent argues that the petition must be dismissed, because there is no case or controversy. Respondent contends that because Petitioner is not entitled to be considered for early release until he has served one-half of his eighty-four year racketeering sentence, that he does not actually earn credits and that no credits have been revoked, which results in the absence of a case or controversy.

---

[2] "Response" as used herein refers to Respondent's December 22, 2005 response to the petition which was construed by the Court as a motion to dismiss.

## II. PETITIONER'S LIBERTY INTEREST

Petitioner was convicted of racketeering in violation of Okla. Stat. tit. 22 § 1403. Pursuant to Okla. Stat. tit. 22 § 1404, any person convicted of racketeering under § 1403 "shall not be eligible for a deferred sentence, probation, suspension, work furlough or release from confinement on any other basis until the person has served one-half (½) of his or her sentence." Petitioner does not dispute that he is not entitled to application of the credits that he has earned until he has served one-half of his racketeering sentence. He argues, however, that Respondent may not deprive him of the credits that he has earned, although not yet applied, without due process of law.

"[I]t is well-established that 'the requirements of procedural due process apply only to the deprivation of those interests encompassed by the Fourteenth Amendment's protection of liberty and property.'" Gamble v. Evans, No. 05-6283, *1, 165 Fed.Appx. 698, 700 (10th Cir. Feb. 8, 2006)(quoting Board of Regents v. Roth, 408 U.S. 564, 569, (1972)).[3] Oklahoma state law has created a liberty interest in earned good time credits. See Waldon v. Evans, 861 P.2d 311, 313 (Okla.Crim.App.1993). Additionally, "good-time credits already earned may not be revoked 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Owens-El v. Wiley, No-05-1470, *2, 2006 WL 1585735 (10th Cir. June 9, 2006)(quoting Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir.1996) (internal quotation marks omitted)).

Pursuant to Okla. Stat. tit. 57 § 138(A), "[e]xcept as otherwise provided by law, every inmate of a state correctional institution shall have their term of imprisonment

---

[3] This and any other unpublished decision cited herein as persuasive authority pursuant to Tenth Circuit Rule 36.3.

reduced monthly, based upon the class level to which they are assigned." As noted above, Okla. Stat. tit. 22 § 1404 precludes Petitioner from applying any credits to reduce the period of his confinement on his racketeering sentence until he has served half of the eighty-four year sentence. Section 1404, however, does not preclude Petitioner from earning credits, and indeed his consolidated record card indicates that he has earned credits since the beginning of his incarceration with the Department of Corrections. Motion to Dismiss, Ex. 1. The notations on Petitioner's consolidated record card indicate that he has earned monthly credits, but the credits are not applied to reduce the remainder of his sentence, a practice consistent with Department of Corrections' policy.

> Life Sentences/Racketeering Convictions—An inmate with a Life Sentence or Racketeering conviction will be assigned to an incarceration level in accordance with this policy. If a Life Sentence is ever commuted or modified to a determinate sentence, all credit earned will be applied. Upon serving one half of a Racketeering conviction, all credits are applied.

OP-060107(E)(2), <http://www.doc.state.ok.us/Offtech/op060107.htm> (accessed July 19, 2006). In accordance with the policy, a hand notation has been made on Petitioner's consolidated record card indicating "credits, work release & parole restricted by 22 OS 1-404 (sic); apply all time earned and earned credits on 7-16-2042." Motion to Dismiss, Ex. 1. Respondent contends that because Petitioner will be 101 years old in 2042, that it is speculative that the credits he has earned will ever be applied, and therefore the petition should be dismissed.

In Oklahoma an inmate serving a life sentence has no liberty interest in earned credits, because no deductions shall be credited to any inmate serving a life sentence. Gamble v. Evans, No. 05-6283, *1, 165 Fed.Appx. 698, 700 (10th Cir. Feb. 8, 2006)(citing

Okla. Stat. tit. 57 § 138(A)).  Despite the fact that the petitioner in <u>Gamble</u> had "earned good time credits, he [was] not entitled to use them for early release and accordingly enjoy[ed] no liberty interest in them."  <u>Id.</u>  In this case, however, although Petitioner is not entitled to have the credits he is currently earning applied to his sentence at this time, he will be entitled to have all of the credits he has accrued applied to reduce his sentence once he has served one-half of his sentence.  This is unlike an inmate serving a life sentence who is only entitled to have his earned credits applied to his sentence in the event the life sentence is commuted.  This distinction is why Petitioner, unlike the petitioner in <u>Gamble</u> has a liberty interest in his credits.[4]

The Court in <u>Gamble</u> relied on <u>Stephens v. Thomas</u>, 19 F.3d 498, 501 (10th Cir. 1994), wherein it held that inmates serving life terms under New Mexico's statute were not entitled to good-time credits, because the statute expressly required that an inmate sentenced to life imprisonment had to serve ten years before being eligible for parole. Therefore, the New Mexico Department of Corrections was not required to afford Mr. Stephens due process in rescinding the good time credits that had been erroneously credited to his sentence to parole him from his life sentence to another sentence after only serving six years and four months.  "At the time of Mr. Stephens' conviction, a prisoner serving a life term possessed no [liberty] interest in good time credits during the first ten years of his sentence. . . .  The revocation of good time credits from a life term prisoner who has served less then ten years of his sentence, therefore, does not implicate the Due Process Clause."  <u>Id.</u> at 501.  In this case, however, Oklahoma law permits

---

[4] The undersigned refuses to speculate that Petitioner will not live until 2042, as suggested by the Respondent.

5

Petitioner to earn credits, holding them for application to Petitioner's sentence once he has completed one-half of his racketeering sentence.  The award of credits to Petitioner was "not the result of clerical error nor an error arising from misapplication of state law." Mayberry v. Ward, No 01-6364, *3, 43 Fed. Appx. 343, 346 (10th Cir. Aug. 2, 2002). Accordingly, the undersigned concludes that Petitioner had a liberty interest in the earned credits, and that Respondent was required to give Petitioner due process prior to revoking the credits.  Therefore, the undersigned recommends that the second motion to dismiss be denied and that Respondent be ordered to respond to the merits of the petition.

Petitioner requests that the Court proceed to the merits of the petition and expand the record.  The undersigned will postpone ruling on Petitioner's request to expand the record until Respondent has responded to the merits of the petition and files the records he believes to be pertinent to the resolution of this matter.  Additionally, the Court declines Petitioner's request to rule on the merits of this petition without a response.

<u>RECOMMENDATION</u>

Based on the foregoing, it is recommended that Respondent's second motion to dismiss [Doc. No. 15] be denied and that Respondent be directed to respond to the merits of the petition within twenty (20) days of any order adopting this Report and Recommendation. The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court on or before August 23, 2006 in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. They are further advised that failure to file a timely objection to this Report and Recommendation waives the right to

6

appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation does not dispose of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 3rd day of August, 2006.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE