### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GROVER MISKOVSKY, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-05-1436-HE |
| | ) |
| DAVID PARKER, Warden, | ) |
| | ) |
| Respondent. | ) |

### **ORDER**

Petitioner Grover Miskovsky, a state prisoner appearing *pro se*, instituted this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. He claims he was denied due process in conjunction with a disciplinary proceeding instituted while he was confined at the Lexington Correctional Center. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Doyle W. Argo, who has recommended that the petition be denied.

The petitioner challenges a disciplinary conviction for possession of contraband – two box blades and a screwdriver tip – that were concealed in the light fixture in the petitioner's cell. The conviction resulted in the revocation of 365 days of good time credit and other punishment.[1] As construed by the magistrate judge, the petitioner asserts four grounds for relief in support of his habeas petition.

---

[1] *The petitioner was placed in disciplinary segregation for 30 days and was given a Level 1 restriction for 90 days, which eliminated his ability to accumulate good time credits during that time period.*

The magistrate judge concluded that, because the petitioner had a liberty interest in earned good time credits, he was entitled to due process protection before his credits were revoked. In a thorough Report and Recommendation, the magistrate judge considered and rejected each of the petitioner's claims, finding the petitioner was provided the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.[2]

The petitioner filed an objection, citing multiple asserted deficiencies in the Report and Recommendation. His principal contention, though, is that he was denied the right to present an exculpatory witness and evidence. He claims the magistrate judge essentially ignored the respondent's alleged "failure to address Petitioner's undisputed exculpatory evidence" – the statements of Robert Simmons, the petitioner's cell mate. Amended Objection, p. 21.

However, the magistrate judge did consider whether Simmons' statements should have been provided to and considered by the disciplinary hearing officer ("DHO"). He expanded the record to include Simmons' sworn statement and ordered supplemental briefing discussing "whether the events relayed in Simmons' statement, if true, affected Petitioner's due process right to present witnesses in his defense." Report and

---

[2]*Although, in the initial paragraph of his habeas petition, the petitioner asserts that both his due process and equal protection rights were violated, his grounds for relief are based on an alleged deprivation of due process. See Petition, p. 5. To the extent the petitioner is now arguing an equal protection violation in his Amended Objection, e.g. Amended Objection p. 16 (Disciplinary Investigator's alleged arbitrary and discriminatory application of the Oklahoma Department of Corrections Operation Procedures "demonstrates the DI's arbitrary abuse of Petitioner's right to equal protection…."), the court finds that the petitioner has not shown an equal protection violation warranting habeas relief.*

Recommendation, p. 20. The magistrate judge concluded that the petitioner's due process rights were not violated in this regard for several reasons, including that the petitioner did present information to the DHO about Simmons' alleged confession. In his sworn Statement presented to the DHO, the petitioner stated:

> Mr. Simmons has advised the investigating officer, Kim Arthur, that on August 27, 2004, he was, in fact, in possession of a Box Blade in the cell on August 27, 2004, like those found by officer Cardwell, but that it was not one of those which were discovered by the officers who searched the cell on that date.
>
> Mr. Simmons also raised his prior disciplinary record to the investigator, in an effort to show his experience and expertise in dealing with disciplinary proceedings. I have formally requested, in writing, that these admissions made by Mr. Simmons to the investigator, and others, be documented by the investigator and made a part of this record, as exculpatory evidence in favor of Grover Miskovsky pursuant to OP-060-125 (see request and proposed statements – denied (Exhibits 6, and 11).
>
> I have requested that the statements made by Mr. Simmons, to the investigator, admitting possession of the Box Blade on August 28, 2004; and that I (Grover Miskovsky) did not know he had possession of any box blade he (Simmons) had in the cell, be documented and made a part of the record for consideration by the hearing judge.
> ....
>
> I have requested that the statements made by Mr. Simmons to the investigator and others admitting possession of the Box Blade, as well as his Lengthy record of Class-X write-ups, for the same kind of disciplinary sanctions imposed against Mr. Simmons be made a part of the record as evidence to rebut the presumption that I had possession of the box blades found in 3-A2-B, on August 28, 2004.

Respondent's Answer, Doc. #28, Ex. 2, pp. 18-19.

Having conducted a de novo review, the court concurs with Magistrate Judge Argo that the petitioner was afforded the process to which he was due before his good time

3

credits were revoked.³ He received "(1) advance written notice of the disciplinary charges; (2) an opportunity ... to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." <u>Howard v. U.S. Bureau Of Prisons</u>, 487 F.3d 808, 812 (10th Cir. 2007). The finding of the disciplinary hearing officer also was supported by "some evidence" in the record. *Id*. The court also finds that, to the extent the exclusion of the testimony of Mr. Simmons or evidence of his statements constituted error, it was harmless. *See id.* at 813 ("'[E]rrors made by prison officials in denying witness testimony at official hearings are subject to harmless error review.'") (quoting <u>Grossman v. Bruce</u>, 447 F.3d 801, 805 (10th Cir.2006)).

Accordingly, the court adopts Magistrate Judge Argo's Report and Recommendation and denies the petition for writ of habeas corpus. The petitioner's request for an evidentiary hearing is denied.

**IT IS SO ORDERED**.

Dated this 21ˢᵗ day of December, 2007.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

³*In his amended objection the petitioner repeatedly mischaracterizes the Report and Recommendation. For example, he states that "[t]he Magistrate infers that the burden of proof at the disciplinary hearing was on the Petitioner ... and that Petitioner is precluded from showing staff bad acts because there is an irrebutable presumption that the officials are honest." Petitioner's Amended Objection, p. 3. The petitioner also asserts that the magistrate judge imposed numerous irrebutable or irrefutable presumptions. E.g., id. at pp. 10-11.*